UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JOHN R. LEBLANC,                    )
                                    )
         Petitioner,                )
                                    )
v.                                  )        Civil Action No. 05-10271-MLW
                                    )
COMMONWEALTH OF                     )
MASSACHUSETTS,           )
                                    )
         Respondent.                )
                                    )

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENTS' MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

The Commonwealth of Massachusetts, through counsel, (hereinafter, "the respondent"), respectfully submits this memorandum in support of its motion to dismiss the petition for writ of habeas corpus filed by the petitioner, John R. LeBlanc. The application for a writ of habeas corpus must be dismissed because, as detailed more fully below, it is time-barred under 28 U.S.C. §2254(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). A brief recitation of the facts relevant to the statute of limitations analysis (set forth in greater detail below) is as follows: the petitioner's conviction was affirmed by the Massachusetts Supreme Judicial Court ("the SJC") on March 20, 2001. *See Commonwealth v. LeBlanc*, 433 Mass. 549 (2001). The petitioner's conviction became final, for purposes of AEDPA, on June 18, 2001, after a period of ninety (90) days from the SJC's decision in which the petitioner had the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. Any petition for a writ of habeas corpus needed, therefore, to be filed in this Court on or before June 18, 2002. The petition in this case

was not, however, filed until November 14, 2005, more than three (3) years after the statute of limitations had expired.[1]  Accordingly, the petition must be dismissed as time-barred.

## Prior Proceedings

On June 25, 1998, a Worcester County Superior Court jury found the petitioner guilty on two indictments "charging murder in the first degree, for the bludgeoning deaths of two young women." *See Commonwealth v. LeBlanc*, 433 Mass. at 549.  *See also* Docket Sheet for Worcester County Superior Court Criminal Action 1996-00458 (hereinafter, "Docket Sheet"), attached hereto as Exhibit A.  The petitioner appealed to the SJC, and the SJC affirmed the petitioner's conviction on March 20, 2001.  *See id.*

## Argument

**A.     The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996.  That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

---

[1] On December 24, 2003, the petitioner filed a motion for a new trial.  By the time he filed the motion, however, the statute of limitations had already run. *See Dunker v. Bissonnette*, 154 F.Supp.2d 95, 100-01 (D.Mass. 2001).  A motion for a new trial filed after the limitations period had expired cannot resurrect time-barred claims. *Id*. at 102-03; *Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001)(state court motion for post-conviction relief filed "following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'").

period shall run from the latest of –

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall **not** be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In the instant case, the SJC affirmed the petitioner's conviction on March 20, 2001. *See Commonwealth v. LeBlanc*, 433 Mass. 549 (2001). Allowing ninety (90) days in which the petitioner could have filed a petition for a writ of certiorari in the Supreme Court, the petitioner's conviction became final on June 18, 2001. *See* 28 U.S.C. § 2244(d)(1)(A). Any petition for a writ of habeas corpus needed to be filed within one year of the date his conviction became final, *i.e.*, by June 18, 2002. *See id.; see also Lattimore v. DuBois,* 311 F.3d 46, 53-54 (1st Cir. 2002); *see also David v. Hall*, 318 F.3d 343, 344 (1st Cir. 2003); *Gaskins v. Duval,* 183 F.3d 8, 9-10 (1st Cir. 1999). However, he did not file the petition until November 14, 2005, a date more than three (3) years after the statute of limitations had run. *See Lattimore,* 311 F.3d at 53-54; *Gaskins*, 183 F.3d at 9-10. Since the petition was filed outside the statute of limitations, the petition is untimely and must be denied. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Lattimore*, 311 F.3d at 53-

3

54.

## Conclusion

For the foregoing reasons, the respondent respectfully requests that this Court dismiss the instant petition for a writ of habeas corpus as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: March 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, John R. LeBlanc, on March 7, 2006, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: John R. LeBlanc, Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts, 02324

/s/ Maura D. McLaughlin
Maura D. McLaughlin, Esq.

# Commonwealth of Massachusetts
## WORCESTER SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Leblanc, John R

Details for Docket: WOCR1996-00458

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | WOCR1996-00458 | **Caption:** | Commonwealth v Leblanc, John R |
| **Entry Date:** | 09/10/1996 | **Case Status:** | Crim 1 (204 Worcester) |
| **Status Date:** | 04/19/2001 | **Session:** | Disposed (appeal denied) |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 09/18/1996 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: WOCR1996-00458

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Leblanc | **First Name:** | John R |
| **Address:** | 5 Paul X Tivnan Drive | **Address:** | |
| **City:** | W Boylston | **State:** | MA |
| **Zip Code:** | 01583 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

4 Attorneys Involved for Docket: WOCR1996-00458

| **Attorney Involved:** | | **Firm Name:** | WORC02 |
|---|---|---|---|
| **Last Name:** | Murphy | **First Name:** | Lawrence J |
| **Address:** | 2 Main Street | **Address:** | Courthouse Room 220 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1176 |
| **Telephone:** | 508-792-0214 | **Tel Ext:** | |
| **Fascimile:** | 508-831-9899 | **Representing:** | |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Lu | **First Name:** | John T |
| **Address:** | 228 Central Street | **Address:** | |
| **City:** | Lowell | **State:** | MA |
| **Zip Code:** | 01852 | **Zip Ext:** | |
| **Telephone:** | 978-458-0000 | **Tel Ext:** | |
| **Fascimile:** | 978-937-9422 | **Representing:** | Leblanc, John R (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Shea | **First Name:** | Richard J |
| **Address:** | 398 Columbus Avenue pmb 63 | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02116 | **Zip Ext:** | |
| **Telephone:** | 617-283-6293 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Leblanc, John R (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | MA154 |
|---|---|---|---|
| **Last Name:** | Hussey | **First Name:** | Michael S |
| **Address:** | 340 Main Street | **Address:** | Room 724 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1601 |
| **Telephone:** | 508-791-9288 | **Tel Ext:** | |
| **Fascimile:** | 508-753-7662 | **Representing:** | Leblanc, John R (Defendant) |

## Calendar Events

19 Calendar Events for Docket: WOCR1996-00458

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 09/18/1996 | 09:00 | Arraignment | 1 | Event held as scheduled |
| 2 | 10/02/1996 | 09:00 | Conference: Pre-Trial | 1 | |
| 3 | 11/13/1996 | 09:00 | Conference: Pre-Trial | 1 | |
| 4 | 12/03/1996 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 5 | 01/10/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 6 | 01/29/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 7 | 02/19/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 8 | 03/19/1997 | 09:00 | Conference: Status Review | 1 | |
| 9 | 03/20/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 10 | 04/18/1997 | 09:00 | Conference: Status Review | 1 | |
| 11 | 05/14/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 12 | 12/22/1997 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 13 | 01/21/1998 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 14 | 02/25/1998 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 15 | 03/12/1998 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 16 | 04/07/1998 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 17 | 06/08/1998 | 09:00 | TRIAL: by jury | 1 | |
| 18 | 06/15/1998 | 09:00 | Hearing: Motion | 2 | Event held as scheduled |
| 19 | 06/17/1998 | 09:00 | TRIAL: by jury | 2 | Event held as scheduled |

## Full Docket Entries

166 Docket Entries for Docket: WOCR1996-00458

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 09/10/1996 | 1 | Indictment returned |
| 09/17/1996 | | Summons for arraignment issued |
| 09/18/1996 | | Notice & copy of indictment & entry on docket sent to Sheriff |
| 09/18/1996 | | Plea of not guilty |
| 09/18/1996 | | Mittimus without bail issued to Worcester County House of Correction |
| 09/18/1996 | | Appointment of Counsel Hussey |
| 02/14/1997 | 2 | Deft files Motion and Affidavit for Funds to Hire Expert Witness/ |
| 02/14/1997 | 2 | Allowed; (Donohue, J.) copy to Atty Hussey. |
| 03/05/1997 | 3 | Motion and Affidavit To Withdraw As Counsel For The |
| 03/05/1997 | 3 | Defendant/Allowed; (Donohue, J.) |
| 03/07/1997 | | Appointment of Counsel Lu |
| 03/20/1997 | 4 | ORDER of Committment of a Prisoner for Observation under Chapter 123, |

| Date | # | Description |
|---|---|---|
| 03/20/1997 | 4 | Section 18(a), General Laws - Expires April 18,1997 (Donohue,J.) |
| 03/24/1997 | | Habeas corpus for Deft at Bridgewater State Hospital |
| 04/17/1997 | | Habeas corpus for Deft at Bridgewater State Hospital |
| 05/14/1997 | 5 | ORDERED: Deft committed per 123:18 to Bridgewater State Hospital to |
| 05/14/1997 | 5 | expire 11/14/97 (Francis Fecteau,Justice) |
| 10/28/1997 | 6 | ORDER of Committment of a Prisoner for Observation Under Section |
| 10/28/1997 | 6 | 18(a) Chapter 123 |
| 12/22/1997 | 7 | Deft files Ex Parte Motion for Funds For Psychiatrist - $2,000.00 and |
| 12/22/1997 | 7 | Motion to Seal and Impound This Motion - Allowed (Travers,J.) Copy to |
| 12/22/1997 | 7 | DA & Atty Lu |
| 04/07/1998 | 8 | Deft files Motion for Funds - Investigator (and motion to seal and |
| 04/07/1998 | 8 | impound this motion) - Allowed - amount to be determined (Donohue,J.) |
| 04/07/1998 | 8 | Copy to DA Murphy & Atty Lu |
| 05/04/1998 | 9 | Affidavit of John LeBlanc |
| 05/04/1998 | 10 | Deft files Motion to Suppress Statements with Memorandum in Support |
| 05/11/1998 | 11 | Deft files Motion to Continue - Allowed (Butler,J.) Copy to Atty Lu & |
| 05/11/1998 | 11 | DA |
| 05/27/1998 | 12 | Commonwealth files Opposition to Defendant's Motion to Suppress |
| 05/27/1998 | 12 | Evidence |
| 05/28/1998 | 13 | Deft files Ex Parte Motion for Funds for Tire Expert - $2,500.00 and |
| 05/28/1998 | 13 | Motion to Seal and Impound This Motion - Allowed (Gants,J.) SEALED |
| 05/28/1998 | 13 | AND IMPOUNDED (Impounded Drawer) |
| 05/28/1998 | | Exhibits recieved (placed with file per KZ) |
| 06/01/1998 | 13 | Deft files Supplemental Memorandum in Support of Motion to Suppress |
| 06/01/1998 | 13 | Statements |
| 06/05/1998 | 14 | Findings of Fact, Conclusions of Law, and Order on Defendant's Motion |
| 06/05/1998 | 14 | to Suppress Statements - DENIED (Gants,J.) Copy to ADA Murphy & Atty |
| 06/05/1998 | 14 | Lu |
| 06/05/1998 | | Motion (P#10) Denied after hearing (Gants,J.) Copy to DA & Atty Lu |
| 06/10/1998 | 15 | Deft files Ex Parte Motion for Additional Funds for Psychiatrist - |
| 06/10/1998 | 15 | $1,300.00 and Motion to Seal and Impound this Motion |
| 06/10/1998 | 16 | Deft files Ex Parte Motion for Funds for Investigator - $500.00 and |
| 06/10/1998 | 16 | Motion to Seal and Impound this Motion |
| 06/10/1998 | 17 | Deft files Ex Parte Motion for Funds for Forensic Pathologist - |
| 06/10/1998 | 17 | $3,000.00 and Motion to Seal and Impound this Motion |
| 06/10/1998 | 18 | Deft files Motion to Reopen Motion to Suppress Statements |
| 06/10/1998 | 19 | Deft files Motion to Dismiss |
| 06/10/1998 | 20 | Affidavit of John T. Lu |
| 06/12/1998 | 21 | Deft files Motion for Exculpatory Evidence Criminal Records of |
| 06/12/1998 | 21 | Commonwealth Witnesses - Agreed in that the prosecutor will provide |
| 06/12/1998 | 21 | Mass records re: out of state records, prosecutor will attempt such a |

| Date | No. | Description |
|---|---|---|
| 06/12/1998 | 21 | search |
| 06/12/1998 | 22 | Deft files Motion for Bill of Particulars - Agreed (Discovery |
| 06/12/1998 | 22 | provided to serve as Bill of Particulars) |
| 06/12/1998 | 23 | Deft files Motion for Exculpatory Evidence - Defendant brings these |
| 06/12/1998 | 23 | matters to the attention of the prosecutor and requests no further |
| 06/12/1998 | 23 | action by the court |
| 06/12/1998 | 24 | Deft files Motion for Discovery - Agreed |
| 06/12/1998 | 25 | Deft files Motion and Memorandum Seeking Disclosure of Impeaching |
| 06/12/1998 | 25 | Information and Memorandum in Support of Motion - Agreed according to |
| 06/12/1998 | 25 | communications between counsel |
| 06/15/1998 |  | Motion (P#18) Denied (Gants,J.) |
| 06/15/1998 |  | Motion (P#19) Denied (Gants,J.) |
| 06/15/1998 | 26 | Affidavit of Madeline R. Arn |
| 06/15/1998 | 27 | Commonwealth files Opposition to Defendant's Motion to Dismiss |
| 06/15/1998 | 28 | Deft files Motion for Change of Veniremen - Denied (Gants,J.) |
| 06/15/1998 | 29 | Deft files Motion for Transfer of Trial - No action at this time |
| 06/15/1998 | 29 | (Gants,J.) |
| 06/15/1998 | 30 | Deft files Motion in Limine-Use of the Term "Victim" - Denied |
| 06/15/1998 | 30 | (Gants,J.) |
| 06/15/1998 | 31 | Deft files Motion to Permit Defendant to Wear Non-Prison Garb - Filed |
| 06/15/1998 | 31 | & Allowed (Gants,J.) |
| 06/15/1998 | 32 | Deft files Motion for More Than the Statutory Number of Peremptory |
| 06/15/1998 | 32 | Challenges - Allowed not to exceed 16 (Gants,J.) |
| 06/15/1998 | 33 | Deft files Motion in Limine to Exclude Hearsay Re: Alleged Victim's |
| 06/15/1998 | 33 | Frightened State of Mind - Allowed (Gants,J.) |
| 06/15/1998 | 34 | Deft files Motion to Prevent Any Important Commonwealth |
| 06/15/1998 | 34 | Witness/Police Officer from Sitting At Counsel Table with the |
| 06/15/1998 | 34 | Assistant District Attorney - Allowed as agreed (Gants,J.) |
| 06/15/1998 | 35 | Affidavit of John T. Lu in Support of Motion to Individually Examine |
| 06/15/1998 | 35 | Prospective Jurors and Motion for Change of Venue |
| 06/15/1998 | 36 | Deft files Motion for Sequestration of Witnesses |
| 06/15/1998 | 37 | Deft files Motion in Limine - Denied (Gants,J.) |
| 06/15/1998 | 38 | Deft files Motion in Limine to Exclude Evidence of Defendant's Prior |
| 06/15/1998 | 38 | Conviction(s) - Allowed as to crimes of Violence (Gants,J.) |
| 06/15/1998 | 39 | Deft files Motion in Limine to Exclude Alleged Prior"Bad Acts" |
| 06/15/1998 | 40 | Deft files Memorandum in Opposition to Motion to Reopen Motion to |
| 06/15/1998 | 40 | Suppress Statements |
| 06/15/1998 | 41 | Deft files Motion to Individually Examine Prospective Jurors |
| 06/15/1998 | 42 | Deft files Ex Parte Motion for Funds (under seal) for Demonstrative |
| 06/15/1998 | 42 | Aids - $500.00 and Motion to Seal and Impound this Motion |
| 06/15/1998 | 43 | Deft files Motion in Limine to Exclude Photographs of Alleged Victims |

| Date | # | Description |
|---|---|---|
| 06/15/1998 | 44 | Deft files Preliminary Request for Jury Instructions |
| 06/15/1998 | 44 | Deft files Required Finding of Not Guilty |
| 06/16/1998 | 45 | Deft files Amended List of Potential Witnesses |
| 06/22/1998 | | Telephone records recieved (Bell Atlantic) DSS Drawer |
| 06/22/1998 | 46 | Deft files Memorandum of Law in Support of Requested Jury |
| 06/22/1998 | 46 | Instructions Re: Manslaughter and Consideration of Evidence of |
| 06/22/1998 | 46 | Intoxication |
| 06/22/1998 | 47 | Commonwealth files Request for Jury Instructions |
| 06/23/1998 | | Motion (P#44.5) Denied (Gants,J.) |
| 06/23/1998 | 48 | Deft files Renewed Motion for Required Finding of Not Guilty - Denied |
| 06/23/1998 | 48 | (Gants,J.) |
| 06/24/1998 | 49 | Deft files Proposed Jury Instruction in Response to Jury Question |
| 06/25/1998 | 50 | RE offense 1: Guilty verdict/1st Degree Murder-Deliberate |
| 06/25/1998 | 50 | Premeditated Malice Aforethought and Extreme Atrocity or Cruelty |
| 06/25/1998 | 50 | (Gants,J.) |
| 06/25/1998 | | Bail set: Held without Bail to 6/26/98 (Gants,J.) |
| 06/25/1998 | | Sentence stayed until 06/26/98 at 9:00 a.m. (Gants,J.) |
| 06/25/1998 | 51 | RE offense 2: Guilty verdict/ 1st Degree Murder, Extreme Atrocity or |
| 06/25/1998 | 51 | Cruelty (Gants,J.) |
| 06/25/1998 | | Sentence stayed until 06/26/98 at 9:00 a.m. (Gants,J.) |
| 06/26/1998 | | Sentence imposed: Re: Offense #1: LIFE (Gants,J.) |
| 06/26/1998 | | Sentence credit given as per 279:33A: 687 days (Gants,J.) |
| 06/26/1998 | | Victim-witness fee assessed: $60.00 |
| 06/26/1998 | | Sentence imposed: Re: Offense #2: LIFE to be served from and after |
| 06/26/1998 | | sentence imposed on 96-0458(1) (Gants,J.) |
| 06/26/1998 | 52 | Deft files Motion for Stay of Execution of Sentence Pending Appeal |
| 06/26/1998 | 53 | Notice of appeal (verdict) |
| 06/26/1998 | | Impounded Records (Impounded Drawer) |
| 06/29/1998 | | Court Reporter Ron Francescone is hereby notified to prepare one copy |
| 06/29/1998 | | of the transcript of the evidence of June 15th thru 19th and 22nd |
| 06/29/1998 | | thru 26th,1998. |
| 07/01/1998 | 54 | Trial Counsel's Motion to Withdraw and for Appointment of Committee |
| 07/01/1998 | 54 | for Publice Counsel Services Appellate Unit to Represent Defendant on |
| 07/01/1998 | 54 | Appeal |
| 07/01/1998 | 55 | Deft files Motion to Revise and Revoke w/Affidavit in Support of |
| 07/03/1998 | 56 | Notice of appeal (sentence) (no right of appeal for a Life |
| 07/03/1998 | 56 | sentence/do not assemble) |
| 07/07/1998 | | Motion #54 allowed (see motion); Gants, J. (copy to DA, Atty Lu & |
| 07/07/1998 | | CPCS. |
| 07/07/1998 | | Motion #55 denied; (Gants, J.) copy to DA, Atty Lu & CPCS. |
| 07/07/1998 | | Committee for Public Counsel Services appointed for appeal; (Gants, |

| Date | # | Description |
|---|---|---|
| 07/07/1998 | | J) |
| 07/14/1998 | 57 | Notice of appeal (sentence) (no right of Appeal for a Life Sentence/ |
| 07/14/1998 | 57 | do not assemble per Lenny) See P#56 |
| 07/23/1998 | 58 | Deft files Ex Parte Motion for Funds (under seal) for Shaving |
| 07/23/1998 | 58 | Equipment and Motion to Seal and Impound this Motion |
| 07/23/1998 | 59 | Deft files Motion for Funds (under seal) for Dry Cleaning Bills - |
| 07/23/1998 | 59 | $55.80 and Motion to Seal and Impound this Motion |
| 07/24/1998 | | Motion (P#58) Denied (See motion for Judge's endorsement) Copy to |
| 07/24/1998 | | Atty Lu |
| 07/24/1998 | | Motion (P#59) Allowed (Gants,J.) Copy to Atty Lu |
| 08/10/1998 | | Appointment of Counsel Shea |
| 08/13/1998 | 60 | Appearance of Deft's Atty: Shea |
| 10/13/1998 | | Victim-witness fee paid as assessed $60.00 96-0458-1 |
| 11/24/1998 | | SECOND NOTICE Court Reporter Ron Francescone is hereby notified to |
| 11/24/1998 | | prepare one copy of the transcript of the evidence of June 15th thru |
| 11/24/1998 | | 19th and 22nd thru 26th,1998. |
| 12/30/1998 | | Transcript received from Ron Francescone, 10 volumes "Transcript of |
| 12/30/1998 | | Proceedings" June 15th thru 19th and 22nd thru 26th,1998. |
| 06/10/1999 | | RE offense 3: Nolle prosequi |
| 06/10/1999 | | RE offense 4: Nolle prosequi |
| 06/10/1999 | | RE offense 5: Nolle prosequi |
| 02/28/2000 | | Record Assembled. Notices mailed to John J. Conte, District Attorney |
| 02/28/2000 | | and to Richard J. Shea, Attorney for Defendant. Notice under |
| 02/28/2000 | | Appellate Rule 9(d) mailed to Appeals Court together with List of |
| 02/28/2000 | | Exhibits, 10 volumes of original transcripts and 1 copy, 2 certified |
| 02/28/2000 | | copies of docket entries, Clerk's Statement of Case & Notice of Appeal |
| 04/19/2001 | 61 | Rescript received from SJC (dated 3/0/01); judgment affirmed (Susan |
| 04/19/2001 | 61 | Mellen, Clerk) |
| 12/24/2003 | 62 | Defendant's motion for new trial |
| 01/29/2004 | 63 | MEMORANDUM & ORDER: On Defendant's motion for new trial is Denied |
| 01/29/2004 | 63 | without a hearing January 29, 2004, (Agnes,J) copies mailed 2/3/04 |

## Charges

5 Charges for Docket: WOCR1996-00458

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Assault & battery | WODA96-00458 | Nolle prosequi |
| 2 | Murder | WODA96-00458 | Guilty verdict |
| 3 | Assault & battery | WODA96-00458 | Nolle prosequi |

| 4 | Murder    | WODA96-00458 | Guilty verdict |
| 5 | Threat(s) | WODA96-00458 | Nolle prosequi |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.