```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOHN R. LEBLANC,                    )
     Petitioner,                    )
                                    )
          v.                        )   C.A. No. 05-10271-MLW
                                    )
COMMONWEALTH OF MASSACHUSETTS,      )
     Respondent                     )
```

MEMORANDUM & ORDER

WOLF, D.J.

Petitioner John R. LeBlanc filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. For the reasons discussed in this Memorandum, the petition is being dismissed as time-barred under 28 U.S.C. §2254(d).

A Worcester County Superior Court jury found the petitioner guilty on two indictments "charging murder in the first degree, for the bludgeoning deaths of two young women." See Commonwealth v. LeBlanc, 433 Mass. 549, 549 (Mass. 2001). The petitioner appealed to the Massachusetts Supreme Judicial Court ("SJC"), and the SJC affirmed the petitioner's conviction on March 20, 2001. See id.

On December 24, 2003, petitioner filed a motion for a new trial in state court. See Docket Sheet for Worcester County Superior Court Criminal Action 1996-00458. He then filed for habeas relief in this court on November 14, 2005.

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214

(1996), provides a one year statute of limitations running from the date on which the conviction in state court became "final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d).[1]

A conviction becomes final when a petitioner's application for certiorari from the Supreme Court is denied or upon the expirations of the period in which such a petition might have been seasonably filed.  See Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002).  The Supreme Court rules allows for the filing of

---

[1] The statute provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d)(emphasis added).

28 U.S.C. §2244(d)

certiorari petitions within 90 days from the date that judgment was entered in the state court of appeals of last resort. Sup. Ct. R. 13. See also 28 U.S.C. §2101(d) (establishing the Supreme Court's authority to set the relevant time period for criminal appeals).

In the instant case, the SJC affirmed the petitioner's conviction on March 20, 2001. See LeBlanc, 433 Mass. at 549. Allowing ninety days in which the petitioner could have filed a petition for a writ of certiorari in the Supreme Court, the petitioner's conviction became final on June 18, 2001. See 28 U.S.C. § 2244(d)(1)(A). Accordingly, any petition filed after June 18, 2002, would be time-barred. See id.

The petitioner did not file in this court until November 14, 2005, more than three years after the statute of limitations had run. Since the petition was filed outside the limitations period, it is untimely and must be denied. See 28 U.S.C. § 2244(d)(1)(A).

Though §2254(d)(2) tolls the statutory period where a petitioner has filed for post-conviction relief in state court, this rule does not preserve the petition here. The petitioner's motion for post-conviction relief was filed December 24, 2003, by which time the statute of limitations had already run.

A motion for a new trial filed after the limitations period had expired cannot resurrect time-barred claims. See Dunker v. Bissonnette, 154 F.Supp.2d 95, 102-03 (D.Mass. 2001); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (state court motion for

post-conviction relief filed "following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'").

Accordingly, it is hereby ORDERED that the Petition for Writ of Habeas Corpus, (Docket No. 1), is DISMISSED as time-barred.

_____     _____
DATE                                UNITED STATES DISTRICT JUDGE