Docket No. C. 1:05 cv-10271

) Defendant petition to The single
) Justice Pursuant to G.L.c 278
) § 33E for Leave to Appeal the
) Denial of his motions DNA
) Testing for New Trial

Now comes the Defendant John R LeBlanc and pursuant to C. 278, § 33E, requests that the single, act to be determined by a full Court. As grounds there for, The Defendant states:

## Background

On June 26 1998 The Defendant John R Leblanc was Convicted of first degree murder, on and after consecitive sentences in his own appeal to the Court, he raised 7 arguments.

I. Explain Denial to defendant of access to evidence wich would be completely exoneated represents a most egregious denial of due process gauranteed by the Fourteenth Amendment. A federal Case in Pennsylvania, Case exemplifies Just how far a Court will go in protecting a defendants due prosses rights with respect to evidence wich would be Completely exonerating.

In <u>Godschalk v. Montgomery County Distric Att Office</u> 177 F. Supp. 2d 366 (E.D. Pa. 2001) the Defendant brought a § 1983 action for access to biological evidence for DNA Tests after He had been Convicted of Rape state Court 1987 also found

Trial theory, with no evidence, no crime sceene to prove any reasonable dout, resulted in the certain conviction of his client

## II. The Massachusetts Supreme Judicial Court made an unreasonable Determination of facts and an unreasonable Application of Clearly Established Federal Law where the Defendant was Denied his Constitutional Right Due Process.

and to were held that the Conviction on a Therory of felony murder proof that the homicide must be the Natural + probable Consequence of the felonious act of Defendant." it is, thus, Massachusetts law that the Commonwealth has the burden of proof as to this element, and certainly this issue was contested at Trial, The Condition of Defendant, couldnt stand up Time of Death was 3-5 days - phone records / being Home passed out of time of Death. No blood, No eye witness put him ever in vacinity of sturbridge recycle Center any other than old tire tracts quite distance away, severe injuries to defendant was not aloud medical treatment when asked at police station

## Procedural Background

The Respondents are correct that the petitioner John R LeBlanc was convicted of felony murder. on June-26-1998 The Supreme Judicial Court affirmed his conviction for murder 2001 underlying The First degree murder conviction as duplicative!

However, The grounds upon wich this petition is Based arise from the denial of LeBlanc's motion for a new trial pursuant to Mass R Crim. pro. 30, and The denial of his motion for Evidence this case represents an instance of "Clear in Justance" warranting equitable Tolling of the Statue of Limitations.

## Argument

The one year limitations period set forth in 28 U.S.C. § 2244(d)(1) is not Jurisdictional and accordingly, can be subject to equitable Tolling in in appropriate cases, Neverson v. Farquharson 366 F.3d 32, 40 (1st Cir. 2004 The "narrow safety valve" of equitable Tolling is reserved for "instances of clear injustice" Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001) where a prisoner makes a colorable claim of fractual innocence" the misscarage of Justice exception is implicated, and procedural defaults may be waived. See Bousley v. United States 523 U.S 614, 623 (1998); Sawyer v. Whitley 505 U.S. 333, 339 (1992)

This is exzactly the kind of Case were a procedu-al default shald be excused becouse of "Clear inJust-ice has been deprived a person who is factually innocent from access to wholly exonerating evidence Brackett v. United States 270 F.3d 60, 67 (1st Cir 2001) "The Very nature the writ [of habeas Corpus] demands That [habeas proceedings] be administered with the initiative and Flexibility essential to insure that miscarnages of Justice within its reach are Surfaced and corrected" Harris v. Nelson 394 U.S 286, 291 (1969)

United States Distric Court

District of Massachusetts

Civil action No.

05-cv-10271-MLW

John R LeBlanc
Petitioner

v.

Bernard F Brady Acting superintendant +
Thomas F. Reilly Atterney General,
Respondants

Memorandum in support of petition
for writ of Habeas Corpus

Questions presented For Review

1) Paragraphs
  ① 
  ② Statement of the case
  ③ Factual Background
  Standard Review

Williams v. Taylor 529 U.S. 362, 405, 412-13 (2000) A Federal habeas court "should ask whether the state Court's application of clearly established federal Law was objective unreasonable." Id. At 409, Ouber 293 F.3d at 31.

## ARGUMENT

Denial to a defendant of access to evidence wich would be completly exonerating represents a most egregious denial of due process guaranteed by the fourteenth Amendment. A pennsylvania case exemplifies Just How Far a court will Go in protecting a defendant's due process Rights with respect to evidence wich would be completely exonerating In Godschalk v. Montgomery County District Attorneys office, 177 F. Supp. 2d 366 (E.D. Pa 2001), the defendant brought a § 1983 action for access to Biological Evidence for DNA Testing after He had been convict of Rape in 1987. AT Trial in Godschalk, the state had relied on identification testimony of one of victims and a confession made by the Defendant. The Court Held That "if by some chance no matter how Remote, DNA Testing on biological evidence excludes [the defendant] as the source of the genetic material from the victims, a Jury would have to weigh this Results against [the defendant's] uncoerced detailed Confessions to the Crime. While [the defendant's] detailed confessions to the crime are powerful inculpatory evidence, so too any DNA testing that would exclude [the defendant] as the source

Mack v. Great Atl & Pac Tea Co 871 F.2d 179, 185 (1st Cir 1989) LeBlanc's Rights with each Day he is denied access to Evidence 7th Cir Has noted a violation continues for as long as the defendants [have] the power to do so something about [plaintiffs] condition Heard v Sheahan 253 F.3d 316, 318 (7th Cir 2001).

Kankakee, 267 F.3d 592 (7th Cir 2001) ("Each Day.. brings a new duty on the Government part and a corresponding new right to Seek vindication of constitutional Rights in question"); U.S. v. City

B. <u>The Statute of Limitations Should be Equitably Tolled.</u>

Federal Courts posses the power to use equitable principles to fashion there own Tolling provisions in exceptional situation in wich State statutes of limitations eradeicate rights or frustrate rights created by federal law, <u>Rodriquez v Helms</u>, 963 F.2d 799 (5th Cir 1992).

Meyer v. Frank 550 F.2d 726 (9d Cir (stating that "[i]t is well settled that the federal Courts have the power to Toll statues of limitations borrowed from

→ state law in appropriate circumstances." Cert. denied, 434 U.S. 830 (1977); Kaiser v. Cahn 510 F.2d 282, 287 (2d. Cir. 1974) ("finding that in applying federal law to claim based on a federal statute" a result may be prevented which would substantially impair a valid Fed. intrest; in this respect, the court is not "necessarily bound by the state's determination of when its statute of limitations is tolled where the question arises in a civil rights claim in the federal court") The Supreme Court has recognized "[e]quity eschews mechanical rules; it depends on flexibili[ty]

11. Holmberg v. Armbrech 327 U.S. 392-396 (1946). Indeed, Courts traditionally do <u>not</u> apply statutes of limitations to actions, like this one, which solely seek equitable relief. Id at. 396. Equitable Tolling has been held to apply in a situation where a plaintiff with a plausible claim may not be able to fully litigate that claim in a timely fashion due to the lapses of his attorney. The additional equitable consideration applicable in this case is whether the errors of plaintiff's counsel are of the type that should require Visitation

relied on identification testimony of one witness and confession made by the defendant. The Court held that "if by some chance no matter how remote, DNA testing on the biological evidence excludes [the defendant] as the source of the genetic material from the victims, A jury would have to weigh this result against [the defendant's] uncoerced detail confession to the" "Since DNA testing of the genetic material could indeed provide material exculpatory evedence for a jury to consider along with the inculpatory evedence of [the Defendant's] detailed confession [the defendant] has a due process right of access to the genetic material for the limited purpose of DNA testing" Id. See also Taylor v. State of Texas 939 S.W. 2d 148 (1996).

In Harvey v. Horan 285 F.3d 298 (4th cir 2002), The fourth circuit declined to constitutionalize a right to post conviction DNA test in federal court" because of the federalism concerns where, procedurally, a Virginia prisoner sought... to bypass Virginia's system of Criminal Justice all together and proceed directly into federal court under § 1983". Id. at 299, 303. However, the Court eloquently pronoun

Id. at 299 Indeed, the Court stated, "[T]he question before us is not whether [the Defendant] should or will recieve the DNA evidence. He should and will." Id. at 298.

In short

however the Court eloquently pronounced

The American Criminal Justice System rightly sets ascertainment of truth and the protection of innocence as its highest goals. The average school child is aware (or so we hope) that the accused is clothed with a presumption of innocence and that the prosecutor must prove beyond a reasonable doubt that a crime was committed. Moreover, the concern with innocence does not end at trial. Elaborate post-conviction procedures are rightly in place to ensure not only that a trial was "fair" but also that no individual has been wrongly convicted.

II. The Defendant was Denied Effective Assistance of Counsel Because Defence Counsel failed to Have all DNA evidence phone records ready at trial, whereas Defendant said they were not, complain during trial that it all would exsonorate Him/ ?

Note: Moreover, even if the Court should determine that the issue herein are waived, the result is a "manifest injustice"; Commonwealth v. Watson 409 Mass 110, 114 (1991). This Court has discretion to rehear such questions in "extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result." Id., quoting Commonwealth v. Harrington 379 Mass. 446, 449 (1980) Here, the incompetency of the Defendant's trial attorney was so

a mental disability. See G.L. c 260, § 7; Horning v. Horning, 6 Mass App. Ct. 109 (1978). Here, the plaintiff was committed to Bridgewater State Hospital
See Jones v Blamas 393 F.3d 918 928 (9th Cir. 2003) applying the equitable tolling doctrine to a Section 1983 claim filed by a civil detainee. That doctrine is particularly applicable here, where the plaintiff is not only incarcerated Has been committed to state hospital.

(3) Other circuits have held that a complaint should not be dismissed on a Rule 12(b)(6) motion with respect to timeliness where equitable tolling is raised as an argument See Hernandez v. City of El Monte, 138 F.3d 393, 401-02 (9th Cir. 1998). The question of notice, prejudice, and reasonable and good faith conduct are essentially factual in nature and depend upon matters outside the pleadings, so the applicability of the equitable Tolling doctrine "is not generally amendable To resolution on a Rule 12(b) 60 motion." Hernandez, 138 F.3d at 402 quoting super mail cargo, Inc v. United States, 68 F.3d 1204, 1206-07 (9th Cir 1995)( noting that "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeline of the claim")

(6)

"Thus, The prosecutor is not required to deliver his entire file to defense counsel, But only to disclose evidence favorable to the accused That, if suppressed, would deprive the defendant of a fair trial."

1) The Court rejected any distinction between impeachment evidence and exculpatory evidence and stated, "Impeachment evidence, However, as well as exculpatory evidence, Falls within The Brady rule."

2) The Court found That the failure to disclose Brady material requires reversal only if "theres is a reasonable probability That, Had the evidence been disclosed to the defense, the result of the proceedings would have been different." The Court noted That "[a] reasonable probability is a probability sufficient To undermine confidence in The outcome."

Jencks V. U.S., 353 U.S. 657, 1 L.Ed. 2d 1103, 77 S.Ct 1007 (1957) 18 U.S.C § 3500, The act popularly known as The Jencks act.

(7)

Edwards v. Arizona 451 U.S. 477, 101 S.ct. 1880, 68 L.E.d.2d 378 (1981)

Petitioner who requested counsel before questioning one day, and the next day was question by police without the benefit of Counsel, and whose confession was ultimately used against him at trial, was found to have had his rights under the Fifth and Fourteenth amendments violated

US. v. ABDI, 142 F.3d 566 (2nd Cir. (1998)

Statements made by the defend to INS agent outside the presents of defendants attorney without obtaining waiver of 6th Sixth Amendment Rights, should not have been admitted as testimony and their admission was grounds for vacating defendants conviction

Rex v. Teeples, 753 F.2d 840 (1985)

"Extracting an involuntary confession by coercion is a due process violation. (Citation omitted.) This is so, notwithstanding the coercion is psychological rather than physical" see Haynes v. Washington 373 US 503, 513-15 (1963) and Spano v. New york, 360 U.S. 315, 320-323 (1959)

## Standard of Review

Because the underlying habeas petition was filed after April 24, 1996 the Antiterrorism and Effective Death penalty Act, Pub. L No 104-132, 110 Stat 1214 (1996) ("AEDPA") controls. Lindh v. Murphy, 521 U.S. 320, 322, 336, (1997) The AEDPA allows a federal court to grant habeas corpus relief where the state court adjudication was based on an "unreasonable determination of the facts in light of the evidence presented in the State Court Proceedings." 28 U.S.C. 2254(d)(2). "[A] determination of a factual issue made... shall be presume to be Correct," unless the petitioner is able to "rebut the persumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1). Subsection 2254(e)(2) applies exclusively to determinations of basic, primary or historical facts, Sanna v. Dipaolo, 265 F. 3d 1, 7 (1st Cir 2001), not to mixed questions of fact and law, which are more amenable to analysis under section 2254(d 91). Dollinger v. Hall 302 F. 3d 5, 8, n.5 (1st cir 2002); Ouber v Guarino, 293 F. 3d 19, 27 (1st cir, 2002)

The AEDPA allows habeas relief if the state courts Decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. 2254(d)(1). A state courts' decision is an "unreasonable application" of clearly established federal law where the federal habeas Court find that the state correctly identified the Governing legal principle from [this Court's] decisions but unreasonably applied it to the facts of the particular case."

however the court eloquently pronounced

The American Criminal Justice system rightly sets ascertainment of truth and the protection of innocence as its highest goals. The average school child is aware (or so we hope) that the accused is clothed with a presumption of innocence and that the prosecutor must prove beyond a reasonable doubt that a crime was committed. Moreover, the concern with innocence does not end at trial. Elaborate post-conviction procedures are rightly in place to ensure not only that a trial was 'fair' but also that no individual has been wrongly convicted.

II. The Defendant was Denied Effective Assistance of Counsel Because Defence Counsel failed to Have all DNA evidence phone records ready at trial, where as Defendant said they were not, complain during trial that it all would exsonerate Him.

Note: Moreover, even if the court should determine that the issue herein are waived, the result is a "manifest injustice", Commonwealth v. Watson 409 Mass 110, 114 (1991). this Court has discretion to rehear such questions in "extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result." Id, quoting Commonwealth v. Harrington 379 Mass. 446, 449 (1980) Here, the incompetency of the Defendant's trial attorney was so

egregious, the constitutional issue of denial of access to exonerating evidence so significant, and the resulting conviction so inevitable from trial counsel's mistakes that this case is "extraordinary" and requires this Court to hear the appeal to rectify the misscarrage of Justice.

Finally, the Defendant submits that he recieved ineffective assistance of appellate counsel in that appellate counsel failed to raise issues on Direct appeal and failure to file a rule 30 motion prior to Direct appeal, in considering a claim of ineffective assistance to counsel "there ought to be some showing that better work might have accomplished something material for the defense" (Comm v Richard 398 Mass 392, 9= (1986), Quoting Cepulonis v. Commonwealth 384 Mass. 495 502 (1981), appeal dismissed, 455 U.S. 931 (1982). The Defendant now faces in this Court a higher standard in his attempts to have heard these very viable issues. Commonwealth v Saferian supra at 96 The defendant must also show that justice may not have been done because of the omission mass. R crim. P. 30(b), 378 Mass 900 (1979 Com v Wheeler 52 mass. App. ct. 631(2001). However it is not enough to simply claim that ones trial

(12)

of the consequences of those errors upon the client. See Volk v. Multimedia Inc., 516 F. Supp. 157, 162 (S.D. Ohio 1981), citing Smith v. Hudson, 600 F. 2d 60, 63 (6th Cir. 1979); Carter v. City of Memphis, Tennessee 636 F.2d 159 (6th Cir. 1980).

1) This case clearly presents such extraordinary circumstances. Plantiff's trial was marred by the eyregious incompetence of trial counsel, whose entire defense also

His trial decisions and failure to pursue available pre DNA on Hair found, Fut prints Scientific Testing were "manifestly unreason-able," and the Defendant was wholly deprived of an otherwise available ground of Defense pursuit of a theory of genuine innocence through DNA Testing See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Hill v Lockhart. 474 U.S. 52, 58 (1985); United States v. Fisher, 3 F. 3d 456, 463 (1st Cir. 1993)(same). See also Rompilla v. Beard, 125 S.ct. 2456, 2463-63, ___ U.S. ___ (2005) Finding Counsel's Performance in Death Penalty Case constitutionally deficient when Counsel failed to investigate readily-available mitigation evedence; under Strickland, Court "looks to norms of adequate investigation" To evaluate Counsel's performance).²

More over the running of the limitations Period is tolled when a Plantiff is under

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


**JOHN R. LEBLANC**
      **Plaintiff**

    V.

**COMMONWEALTH OF MASSACHUSETTS**
    **Defendant**

CIVIL ACTION
NO. 05-10271-MLW

## JUDGMENT

**WOLF, D. J.**

    In accordance with the Court's MEMORANDUM & ORDER dated December 20, 2006, in the above-referenced action, dismissing this action, it is hereby ORDERED:

    Judgment of dismissal for the defendants.


                                               By the Court,

**December 20, 2006**          /s/ Dennis O'Leary
    Date          Deputy Clerk


(judge-dis.wpd - 12/98)          [jgm.]

OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

RICHARD CUSHING DONOVAN
CLERK

One Courthouse Way
Suite 2500
Boston, MA 02210
617-748-9057

February 2, 2007

Sarah A. Thornton, Clerk
United States District Court
 for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   Case No. 05-cv-10271   John R. LeBlanc v.  Bernard F. Brady, et al.

Dear Ms. Thornton:

    Enclosed please find a misdirected notice of appeal filed in the United States Court of Appeals for the First Circuit on February 1, 2007

    In accordance with Fed.R.App.P. 4, the notice of appeal is transmitted herewith.  If this pleading has also been received in your court, please do not duplicate.

Sincerely,

By: /s/ Berchark
Appellate Liaison

DB/file

cc:   John R. LeBlanc
      1 Administration Road
      Bridgewater, MA  02324