# Affidavit to Accompany
# Motion for Leave to Appeal in Forma Pauperis

6K

2007 APR 12 P 12: 31

District Court No. 05-10271
Appeal No. 07-1430

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

v.

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.(28 U.S.C. § 1746; 18 U.S.C. § 1621.)<br><br>Signed: John B T Blue | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br><br>Date: 4-9-07 |

My issues on appeal are:

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ 0 | $ |
| Self-employment | $ | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ | $ | $ 0 | $ |
| Interest and dividends | $400.00 | $ | $ 0 | $ |

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Gifts | $ 200.00 | $ | $ 100.00 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child support | $ 0 | $ | $ ? | $ |
| Retirement (such as social security, pensions, annuities, insurance | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment payments | $ 0 | $ | $ 0 | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify): Waiting for Settlement | $ 50,000 | $ | $ | $ |
| Total Monthly income: | $ | $ | $ | $ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Quinaby Cove | Old East Brimfield Rd | 6/92 - 8/1/06 | 1000.00 |
| | | | |
| | | | |

3. List your spouses's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

2

4. *How much cash do you and your spouse have?* $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| _____ | _____ | $ 0 | $ _____ |
| _____ | _____ | $ 0 | $ _____ |
| _____ | _____ | $ 0 | $ _____ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Will attatch.

5. *List the assets, and their values, which you or your spouse owns. Do not list clothing and ordinary household furnishings.*

**Home** (Value): Probate Court.

**Other real estate** (Value): Probate court

**Motor Vehicle #1** (Value):
Make & year: 1921
Model: Rolls Royce
Registration#: Stolen

**Motor Vehicle #2** (Value):
Make & year: 1957
Model: Chevrolet
Registration#: Stolen

**Other assets** (Value): all as I know been stolen.

**Other assets** (Value): _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| Millisa Labarre | Daughter | 20 |
| Ryan Leaming | Son | 19 |
| Tiffany Tatro | Daughter | 18 |
| Paulina Tatro | Daughter | 16 |
| Andrea Leaming | Daughter | 15 |

3

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Spouse |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $_____ | $_____ |
| Are any real estate taxes included? ☐ Yes ☐ No | | |
| Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |
| Transportation (not including motor vehicle payments) | $_____ | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____ |
| Insurance (not deducted from wages or included in Mortgage payments) | $_____ | $_____ |
| Homeowner's or renter's | $_____ | $_____ |
| Life | $_____ | $_____ |
| Health | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Other: Exec'u-tor-"me" *George walter of New Braintree* | $_____ | $_____ |
| Taxes (not deducted from wages or included in Mortgage payments)(specify):_____ | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Credit card (name):_____ | $_____ | $_____ |
| Department store (name):_____ | $_____ | $_____ |
| Other:_____ | $_____ | $_____ |

4

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ 0 | $ |
| Regular expenses for operations of business, profession, or farm (attach detailed statement) | $ 0 | $ |
| Other (specify):_____ | $ | $ |
| **Total monthly expenses:** | $ 50.00 | $ |

9. *Do you expect any major changes to your monthly income or expenses in your assets or liabilities during the next 12 months?*
☒ Yes  ☐ No           If yes, describe on an attached sheet.

  ENclosed packet.

10. *Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form?* ☐ Yes  ☒ No

If yes, how much? $ 0

If yes, state the attorney's name, address, and telephone number:
_____
_____
_____

11. *Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?*
☐ Yes  ☒ No

If yes, how much? $ 0

If yes, state the person's name, address, and telephone number:
_____
_____
_____

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

Today, I had not realized that there was process fees and will and would I recive payment Here it Deducted from Settlement from Eli Lilly Company --

5

# COMMONWEALTH OF MASSACHUSETTS
# DEPARTMENT OF CORRECTION
## Inmate Transaction Report

Date: 20070405 11:29

| Commit# : | W64867 | | | MCI CEDAR JUNCTION | | Page: 1 |
| --- | --- | --- | --- | --- | --- | --- |
| Name : | LEBLANC, JOHN, R. | | | Statement From | 20070101 | |
| Inst : | MCI CEDAR JUNCTION | | | To | 20070405 | |
| Block : | ORIENTATION ONE | | | | | |
| Cell/Bed : | 201 /A | | | | | |

| Transaction Date | Type | Receipt # | Check No | Inst Name | Notes | Personal Income | Personal Expense | Savings Income | Savings Expense |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total Transaction before this Period : | $16,252.39 | $13,975.67 | $3.00 | $3.00 |
| 20070102 22:30 | CN - Canteen | 7964822 | | OCC | ~Canteen Date : 20070102 | $0.00 | $79.71 | $0.00 | $0.00 |
| 20070103 09:04 | IC - Transfer from Inmate to Club A/c | 7965422 | | OCC | ~MCNAUGHTON~POSTAGE - Z11~POSTAGE - Z11 | $0.00 | $5.50 | $0.00 | $0.00 |
| 20070103 09:18 | EX - External Disbursement | 7965600 | 114286 | OCC | ~IVAN LEBLANC | $0.00 | $250.00 | $0.00 | $0.00 |
| 20070103 09:18 | MA - Maintenance and Administration | 7965602 | | OCC | ~Monthly Maintenance and Administration Fee | $0.00 | $1.00 | $0.00 | $0.00 |
| 20070103 09:20 | EX - External Disbursement | 7965614 | 114288 | OCC | ~GOBAL TEL LINK | $0.00 | $25.00 | $0.00 | $0.00 |
| 20070104 13:25 | ML - Mail | 7981042 | | STH | ~A S GRANT | $9.50 | $0.00 | $0.00 | $0.00 |
| 20070104 13:25 | TI - Transfer from Institution | 7981043 | | STH | ~Associate Receipt Number is 7981042 | $0.00 | $9.50 | $0.00 | $0.00 |
| 20070104 13:25 | TI - Transfer from Institution | 7981044 | | OCC | ~Associate Receipt Number is 7981042 | $9.50 | $0.00 | $0.00 | $0.00 |
| 20070104 16:09 | IS - Interest | 7984350 | | OCC | | $8.28 | $0.00 | $0.00 | $0.00 |
| 20070109 22:30 | CN - Canteen | 8021341 | | OCC | ~Canteen Date : 20070109 | $0.00 | $78.40 | $0.00 | $0.00 |
| 20070110 12:31 | IC - Transfer from Inmate to Club A/c | 8025424 | | OCC | ~PHOTO - Z13~PHOTO - Z13 | $0.00 | $6.75 | $0.00 | $0.00 |
| 20070111 13:22 | ML - Mail | 8038635 | | STH | ~DOROTHY JACOBS | $50.00 | $0.00 | $0.00 | $0.00 |
| 20070111 13:22 | TI - Transfer from Institution | 8038636 | | STH | ~Associate Receipt Number is 8038635 | $0.00 | $50.00 | $0.00 | $0.00 |
| 20070111 13:22 | TI - Transfer from Institution | 8038637 | | OCC | ~Associate Receipt Number is 8038635 | $50.00 | $0.00 | $0.00 | $0.00 |
| 20070112 09:33 | EX - External Disbursement | 8044260 | 114542 | OCC | ~NILES PHOTO CO | $0.00 | $19.00 | $0.00 | $0.00 |
| 20070116 22:30 | CN - Canteen | 8057966 | | OCC | ~Canteen Date : 20070116 | $0.00 | $48.83 | $0.00 | $0.00 |
| 20070117 12:59 | IC - Transfer from Inmate to Club A/c | 8059959 | | OCC | ~CLOTHING~KCN WASH ACCOUNT - Z5~KCN WASH ACCOUNT - Z5 | $0.00 | $192.65 | $0.00 | $0.00 |
| 20070118 10:46 | EX - External Disbursement | 8072583 | 114730 | OCC | ~GLOBAL TEL LINK | $0.00 | $25.00 | $0.00 | $0.00 |
| 20070119 10:21 | IC - Transfer from Inmate to Club A/c | 8077834 | | OCC | ~802(2), 804, 808,812,813,816,819(2),821,822(2), 824,723~CANTEEN CORP. WASH ACCOUNT - Z6~CANTEEN CORP. WASH ACCOUNT - Z6 | $0.00 | $91.47 | $0.00 | $0.00 |
| 20070131 09:35 | EX - External Disbursement | 8126610 | 115178 | OCC | ~DIANE MACNAUGHTON | $0.00 | $1,500.00 | $0.00 | $0.00 |
| 20070207 22:30 | CN - Canteen | 8178538 | | OCC | ~Canteen Date : 20070205 | $0.00 | $18.02 | $0.00 | $0.00 |
| 20070212 16:00 | IS - Interest | 8198716 | | OCC | | $10.56 | $0.00 | $0.00 | $0.00 |
| 20070308 08:17 | IC - Transfer from Inmate to Club A/c | 8348048 | | OCC | ~PHOTO - Z13~PHOTO - Z13 | $0.00 | $4.50 | $0.00 | $0.00 |
| 20070313 22:30 | CN - Canteen | 8372891 | | OCC | ~Canteen Date : 20070313 | $0.00 | $8.89 | $0.00 | $0.00 |
| 20070314 16:40 | IS - Interest | 8377861 | | OCC | | $0.07 | $0.00 | $0.00 | $0.00 |
| 20070330 23:15 | TI - Transfer from Institution | 8481181 | | OCC | | $0.00 | $0.41 | $0.00 | $0.00 |
| 20070330 23:15 | TI - Transfer from Institution | 8481182 | | CJ | | $0.41 | $0.00 | $0.00 | $0.00 |
| | | | | | | $138.32 | $2,414.63 | $0.00 | $0.00 |

ZYPREXA SETTLEMENT  
SPECIAL MASTERS' CLAIMS OFFICE  
WASHINGTON, DC 20036-8158

**ZYPREXA SETTLEMENT CLAIM FORM**  
DEADLINE TO FILE:  
1/31/2006



**Claimant Name:** JOHN LEBLANC  
**Representing Law Firm Name:** GILMAN AND PASTOR, LLP          **Claimant No.** 4208

**THIS FORM MUST BE SUBMITTED NO LATER THAN JANUARY 31, 2006**

| Section 1. Claimant Information | | |
|---|---|---|
| JOHN | | LEBLANC |
| Claimant First Name | Claimant Middle Initial | Claimant Last Name |
| 1 ADMINASTRATION ROAD | | |
| Street Address | | Suite, etc |
| BRIDGEWATER | MA | 02324 |
| City | State | Zip Code |
| 10/14/1964 | 025603240 | |
| Date of Birth of Claimant | SSN of Claimant | |
| N/A | | |
| Conservator, Guardian, Heir, Representative or Estate Executor Name (for Death Claims, Claims for Minors, or Incompetents) | | |
| | | |
| Tax Identification Number (EIN) of the Estate (if applicable) | | |

| 1998 | 2003 |
|---|---|
| Date of First Zyprexa Use | Date of Last Zyprexa Use |

**Section 2. PRIMARY INJURY LEVEL - SELECT ONE**

                                                          Date of Diagnosis    Age at Diagnosis

1. DEATH                                              ☐

2. INSULIN DEPENDENT DIABETES MELLITUS                ☐

3. NON-INSULIN DEPENDENT DIABETES MELLITUS            ☐

4. DIABETES MELLITUS NOT REQUIRING MEDICATION         ☐

5. AGGRAVATION OF PRE-EXISTING DIABETES               ☐

| | | | |
|---|---|---|---|
| 6. PANCREATITIS | ☐ | | |
| 7. OTHER DIABETES RELATED INJURY | ☐ | | |
| 8. OTHER NON-DIABETES RELATED INJURY | ☑ | 2004 | 40 |

**Section 3. CLAIM TYPE - SELECT ONE AND INITIAL WHERE INDICATED**

☑ **TRACK A - EXPEDITED CLAIM - $5,000 PAYMENT**

_Claimant's Initials_ _[signature] John Doe_

Track A Claimants must submit evidence of Zyprexa use and the nature and extent of the injuries being claimed, which can be satisfied by signing the attestation at the end of this claim form. IF TRACK A IS SELECTED, PLEASE INITIAL ABOVE, THEN SIGN AND DATE SECTION 4 ENTITLED "CLAIMANT'S ATTESTATION."
**Claimant acknowledges and understands that the gross award is the only award to be received and as a condition of receiving this award, Claimant has executed a release waiving all past, present and future claims arising out of his/her use of Zyprexa.**

☐ **TRACK B – CLAIM SEEKING AN AWARD PURSUANT TO THE ATTACHED SETTLEMENT MATRIX**

**Claimant's Initials**

Track B Claimants must submit evidence of Zyprexa use and the injuries being claimed, supported by documentary evidence. A hearing may be requested after the claim is complete and a final award notification is issued.
**Claimant acknowledges and understands that based on his/her age and/or the injury claimed, Claimant will receive a gross award pursuant to the attached settlement matrix. Claimant has executed a release waiving all past, present and future claims arising out of his/her use of Zyprexa.**

☐ **TRACK C – CLAIM SEEKING AN EXTRAORDINARY INJURY AWARD AND AN AWARD PURSUANT TO THE ATTACHED SETTLEMENT MATRIX**

**Claimant's Initials**

Track C Claimants must submit evidence of Zyprexa use and the injuries being claimed, supported by documentary evidence. A hearing may be requested after the claim is complete and before or after a final award notification is issued.
**Claimant acknowledges and understands that based on his/her age and/or the injury claimed, Claimant will receive an award pursuant to the attached settlement matrix. In addition, Claimant also seeks compensation in the discretion of the Special Settlement Masters for an Extraordinary Injury or Loss secondary to a claim involving Death, Insulin Dependent Diabetes Mellitus (IDDM) or Non-Insulin Dependent Diabetes Mellitus (NIDDM). Claimant has executed a release waiving all past, present and future claims arising out of his/her use of Zyprexa.**

| BASIS FOR EIF AWARD: [Check column if claiming] | | Date of Diagnosis | Age at Diagnosis |
|---|---|---|---|
| 1. AMPUTATION | ☐ | | |
| 2. BLINDNESS | ☐ | | |
| 3. RENAL FAILURE | ☐ | | |

| | |
|---|---|
| 4. STROKE | ☐ |
| 5. HEART ATTACK | ☐ |
| 6. CATASTROPHIC ECONOMIC LOSS<br>e.g. out-of-pocket losses in excess of $50,000 | ☐ |
| 7. OTHER SPECIAL CIRCUMSTANCES<br>e.g. significant retinopathy,<br>significant neuropathy, renal insufficiency,<br>chronic pancreatitis, surgery. | ☑ |

### Section 4. CLAIMANT ATTESTATION

I DECLARE THAT I UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF THIS CLAIM FORM. FURTHER, I DECLARE THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____    1-24-06
REQUIRED: Signature of Claimant/Claimant's Representative    Date

### Section 5. ATTORNEY ATTESTATION

GILMAN AND PASTOR, LLP                KENNETH G. GILMAN
**Name of Representing Law Firm**     **Contact Name for Representing Law Firm**

617-742-9700                          KGILMAN@GILMANPASTOR.COM
**Telephone Number (including Area Code) for Contact**    **Email Address for Contact**

I STATE THAT THIS CLAIM FORM HAS BEEN COMPLETED TO THE BEST OF MY ABILITY AND IS TRUTHFUL AND ACCURATE BASED ON THE BEST INFORMATION AVAILABLE TO ME, THAT ALL OF THE RELEVANT RECORDS AND INFORMATION KNOWN TO ME IN SUPPORT OF THIS CLAIM HAVE BEEN OR WILL BE PROVIDED WITH THE SUBMISSION OF THIS CLAIM FORM AND THE CLAIMANT'S INITIALS AND SIGNATURE ON THIS CLAIM FORM ARE TRUE AND CORRECT.

_____    1/27/06
REQUIRED: Signature of Claimant's Counsel    Date

| | |
|---|---|
| **Claimant Name:** | JOHN LEBLANC |
| **SSN:** | 025603240 |
| **Address:** | 1 ADMINASTRATION ROAD<br>BRIDGEWATER , MA 02324 |



**Claimant No. 4208**

## CONFIDENTIAL RELEASE OF ALL CLAIMS

### JOHN LEBLANC v. ELI LILLY AND COMPANY

This Confidential Individual Settlement Agreement and Release of All Claims (hereinafter the "Confidential Release") is entered into between JOHN LEBLANC 025603240, individually and on behalf of all derivative claimants under applicable law, (hereinafter defined directly below as "Claimant") and Eli Lilly and Company (hereinafter "Lilly" as further defined below). This Confidential Release is deemed effective as of ___1/20/06___ (the "Effective Date").

### DEFINITIONS

"Claimant" as used and referred to in this Confidential Release shall include JOHN LEBLANC and all other derivative claimants under applicable law, including but not limited to the Claimant's heirs, surviving spouse (including a putative or common law spouse), surviving domestic partner, next of kin, successors, assigns, agents, representatives, guardians, duly-appointed trustees, executors, estate administrators or personal representatives (or the equivalent thereto).

"Claimant's Counsel" as used and referred to in this Confidential Release shall include the following attorney(s) and law firm(s): GILMAN AND PASTOR, LLP and all attorneys and members of the firm, as well as associate and co-counsel and all other attorneys who have rendered legal services on behalf of the Claimant in pursuit of the Claimant's claim.

"Lilly" as used and referred to in this Confidential Release shall include Eli Lilly and Company, a corporation, and the entire company, its officers, directors, employees and shareholders, and its past, present and future parents, subsidiaries, affiliates, controlling persons, suppliers, distributors, contractors, agents, assigns, servants, counsel and insurers, and all of their officers, directors, employees, shareholders, predecessors, successors, assigns, heirs, executors, estate administrators or personal representatives (or the equivalent thereto).

"Master Settlement Agreement" as used and referred to in this Confidential Release refers to the Master Settlement Agreement dated September 16, 2005 entered into between Lilly and certain plaintiffs' counsel representing Zyprexa claimants, including all plaintiffs' counsel who are members of the Plaintiffs' Steering Committee ("PSC") appointed in *In re Zyprexa® Products Liability Litigation*, MDL No. 1596, in the United States District Court for the Eastern District of New York and other plaintiffs' counsel, defined in the Master Settlement Agreement as the Participating Law Firms.

"Special Settlement Masters" as used and referred to in this Confidential Release refers to the Special Settlement Masters who were appointed by Case Management Order 12 to assist in the claims administration process described in the Master Settlement Agreement.

### RECITALS

A. Claimant has either filed an action alleging injury and damages associated with the use of Zyprexa or has provided Lilly with notice of a claim, alleging damages associated with the use of Zyprexa by way of a tolled claim subject to a Tolling Agreement between the Claimant and Lilly and/or by way of a claim asserted informally by way of his/her participation in the settlement process as outlined below.

Lilly disputes any and all allegations by the Claimant and denies that it has any liability with respect to these claims.

B. On September 16, 2005, a Master Settlement Agreement was entered into as described above.

C. In connection with that Master Settlement Agreement, Claimant was identified and included as a "Participating Claimant." In addition, a claims administration process has been established pursuant to the Master Settlement Agreement.

D. Each of the following conditions must be satisfied under the Master Settlement Agreement before a monetary payment can be made under this Confidential Release:

1. The Special Settlement Masters have audited, reported and confirmed to Lilly that the conditions in Paragraph IV(I) of the Master Settlement Agreement have been met, specifically, that there are at least 7,193 claimants who have released their claims and that of those released claimants at least 6,474 claimants have a diabetes-related injury pursuant to the criteria and protocols established by the Special Settlement Masters.
2. The Special Settlement Masters have provided to Lilly information as required by Paragraph IV(H) of the Master Settlement Agreement concerning the manner in which they performed the audit and confirmation process to satisfy that the conditions in Paragraph IV(I).
3. The Special Settlement Masters have confirmed that Claimant used Zyprexa, that the Claimant is a U.S. resident and that the Claimant has a compensable injury under the claims administration process.
4. Finally, satisfaction of liens, assignment rights or other third party claims identified under Paragraph 6 of this Confidential Release has been or will be satisfied by the Claimant or an appropriate hold-back order will be issued pursuant to protocols established by the Special Settlement Masters.

E. As such, Claimant and Lilly have reached a settlement and resolution of all actual or potential disputes that have arisen between them relating to Claimant's use of Zyprexa in accordance with this Confidential Release.

**AGREEMENT**

1. Basic Agreement

   For and in consideration of a release of all past, existing, and future claims relating to Zyprexa, whether known or unknown, and other agreements as set forth herein, and in complete settlement of the cases and claims asserted by Claimant, Lilly hereby agrees to make payment to Claimant as described below.

2. Settlement Amount

   In consideration of Claimant's promises, releases and other agreements as set forth in this Confidential Release, Claimant and Claimant's Counsel shall be paid a minimum of __$5,000__, based on the proof submitted by the Claimant to the Special Settlement Masters. The Ultimate Settlement Amount will be determined by the Special Settlement Masters through the claims administration process based on the materials submitted by the Claimant and their counsel and as ultimately evaluated and determined by the Special Settlement Masters, provided that such amount will not be less than the amount specified above. The Special Settlement Masters are hereby authorized to hold back sums from the Settlement Amount, pursuant to written protocols developed by the Special Settlement Masters and the Participating Law Firms, for the satisfaction of any liens, assignments or third party claims as set forth in Paragraph 6 below of this Confidential Release.

   Through the procedures, protocols and Claims Form established by the Special Settlement Masters, Claimant has elected and agreed to a) submit his/her claim to the claims administration process; b) to fully and finally accept the Settlement Amount to be determined by the Special Settlement Masters; and c) to waive any right to challenge or dispute the Special Settlement

Masters' final award, except as provided in Paragraph 15 below. Copies of the Claimant's Claim Form reflecting such election and agreement, as well as the final award determination made by the Special Settlement Master, are incorporated herein as though set forth in full.

Payment of the Settlement Amount shall be made to the Claimant and Claimant's Counsel from the Settlement Fund established by the Master Settlement Agreement. Payment shall be made only after Lilly receives from Claimant a fully executed original of this Confidential Release and after the Special Masters certify that liens, assignments or other third party claims, if any, set forth in Paragraph 6 of this Confidential Agreement have been or will be satisfied by the Claimant or an appropriate hold-back order issued pursuant to protocols established by the Special Settlement Masters. Claimant agrees that payment of the Settlement Amount constitutes full compensation and settlement for any and all claims identified and released under the terms of Paragraph 3 below. Claimant agrees not to seek anything further from Lilly or any other person or entity, including any other payment, in regard to such claims.

Lilly accepts no responsibility or liability for any allocation or division of the Settlement Amount.

Further, neither Lilly, their counsel nor Claimant's counsel accepts responsibility for any tax liability or adverse effect on third party benefits received by the Claimant, if any, arising out of the receipt of these settlement proceeds, and the Claimant acknowledges that neither Lilly, their counsel or Claimant's counsel has made representations regarding the taxability or non-taxability or the effect on Claimant's receipt of third party benefits as a result of Claimant's receipt of these settlement proceeds.

3. Release

In consideration of the payment of the Settlement Amount, Claimant releases, acquits, forever discharges and covenants not to sue as to all claims which Claimant ever had, or now has, or hereafter can, shall or may have in the future against Lilly arising out of, relating to, resulting from, or in any way connected with Zyprexa, including those claims and damages of which the Claimant is not aware and/or that Claimant has not yet anticipated.

This Confidential Release includes, but is not limited to, any and all past, present and future claims, whether known or unknown, arising out of, relating to, resulting from, or in any way connected with the use of Zyprexa and any alleged defect or failure of Zyprexa, including without limitation, any claims for damages, wrongful death, personal injury, emotional distress, pain and suffering, loss of society and companionship, loss of income, loss of consortium, medical expenses, future cost of insured services, past cost of insured services, punitive damages, or any other form of damages whatsoever.

In addition to Lilly, this release extends to all named defendants in pending litigation and all other third parties in any way connected with Claimant's use of Zyprexa, including without limitation, physicians, health care providers, hospitals, pharmacies and other medical facilities, their past, present and future parents, subsidiaries, affiliates, controlling persons, suppliers, distributors, contractors, agents, assigns, servants, counsel and insurers, and all of their past, present and future officers, directors, employees, shareholders, predecessors, successors, assigns, heirs, executors, estate administrators or personal representatives (or the equivalent thereto).

**Acknowledgement Concerning Release of Unknown and Future Claims.[1]** Claimant expressly waives the provisions of any applicable law protecting against the release of unknown or unanticipated claims. Claimant understands and acknowledges the significance and consequences of releasing all of the Zyprexa-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Zyprexa-related causes of action and/or claims), including but not limited to diabetes-related causes of action and/or claims, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action and/or claims. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve the Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Zyprexa-related and diabetes-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

Claimant understands and acknowledges the significance and consequence of releasing all such claims, including all future claims, whether known or unknown. In this regard, Claimant has been fully advised of Claimant's legal rights by counsel, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereafter incur or discover which in any way arise out of or relate to such claims. Claimant further acknowledges having obtained or having been advised of his/her right to seek independent legal advice related to the waiver of these claims.

4. Dismissal of Action And Promise Not to Sue or Bring Future Claims

In consideration of payment of the Settlement Amount by Lilly, Claimant shall dismiss all filed claims, if any, arising out of the use of Zyprexa currently pending in any court or other tribunal, with prejudice, and without costs or fees to any party. Claimant authorizes and instructs his/her counsel to immediately deliver to Lilly's counsel a Notice of Dismissal with prejudice as against all defendants in accordance with the provisions of this Confidential Release. This dismissal shall extend to and include a dismissal with prejudice of the entire action or claim as to all named defendants, including but not limited to physicians, health care providers, hospitals and other medical facilities, as well as any present or former Lilly employees.

Claimant further promises and agrees that in consideration of payment of the Settlement Amount by Lilly, that Claimant never will file, maintain or prosecute any suit or action at law or in equity against Lilly in any court, state or federal, of the United States of America or elsewhere in the world, arising out of or by reason of or in any manner connected with Claimant's use of Zyprexa.

[1][This Confidential Release will be modified to include any applicable state law provisions. This will include but not be limited to provisions with regard to the acknowledgment of Claimant's agreement to waive unknown and future claims. For example, in California the Confidential Release shall include the following language: The provisions of Section 1542 of the Civil Code of the State of California are hereby expressly waived and Claimant understands that said section provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."]

5. Settlements

   Claimant agrees not to seek any settlement with a third party arising out of the use of Zyprexa. Furthermore, if any such settlement has occurred, Claimant warrants and represents that he or she has disclosed to Lilly and to the Special Settlement Masters the fact and amount of any such settlement, so that the amount of any such settlement is considered by the Special Settlement Masters in making any award to Claimant.

6. Liens, Assignment Rights and Other Third Party Payor Claims

   Claimant represents and warrants that all known lien holders, as described below, lawsuits or interventions, including by subrogation, have been identified through procedures and protocols established by the Special Settlement Masters. Claimant further represents and warrants that Claimant has also identified government payors, including Medicare or Medicaid liens if they exist regardless of notice, through procedures and protocols established by the Special Settlement Masters. The lien holders and parties who hold rights through statutory assignments or otherwise (hereinafter referred to collectively as "lien holders") who must be and have been identified are those third-party payors (public or private) that have paid for and/or reimbursed Claimants for Zyprexa and/or any drug costs, hospital expenses, medical expenses, physician expenses or any other health care provider expenses arising from or based upon the provision of medical care or treatment provided to the Claimant in connection with his or her claimed injury due to the use of Zyprexa. Claimant represents and warrants prior to receiving his or her award that any liens, assignment rights, or other claims identified above have been or will be satisfied by the Claimant. Satisfaction of any liens, assignments, or other claims as identified above is the sole responsibility of the Claimant and his or her attorney and must be established to the satisfaction of the Special Settlement Masters, which may include an agreement to compromise any such liens before settlement funds can be disbursed.

   Claimant understands that upon request to the Special Settlement Masters, Lilly shall be entitled to proof of Claimant's lien or claim satisfaction and/or payment of liens arising from or in connection with Claimant's use of Zyprexa.

   Claimant hereinafter agrees that Claimant is releasing Lilly from all future medical expenses, including but not limited to drug costs, hospital, medical, physician or health care provider expenses relating to any past, present or future medical care or treatment arising from or in connection with Claimant's use of Zyprexa.

7. Indemnification

   Claimant agrees to indemnify and defend Lilly against and hold Lilly harmless from any and all damages or losses Lilly may incur, including attorneys' fees and costs, in connection with: (i) claims or actions seeking damages for or attributable to the personal injuries and/or death, specific to Claimant and allegedly related in any way to Zyprexa, including without limitation, any such claim or action by any potential claimant under applicable law, including the Claimant's heirs, surviving spouse, (including a putative or common law spouse), surviving domestic partner, next of kin, successors, assigns, agents, representatives, guardians, duly-appointed trustees, executors, estate administrators or personal representatives (or equivalent thereto), and (ii) liens, assignments, subrogated interests, encumbrances, causes of action, suits or judgment asserted by lien holders as defined in Paragraph 6 of this Confidential Release, specific to Claimant's claims for drug costs, hospital, medical, physician or health care provider expenses spent for medical care or treatment to Claimant arising from or in connection with Claimant's use of Zyprexa.

8. No Admission of Liability

   This Confidential Release is entered into solely by way of compromise and settlement and is not and shall not be construed as an admission of liability, responsibility or fault of or by Lilly.

9. Warranty of Authority and Capacity

Claimant represents and warrants that Claimant has full authority and capacity to enter into this Confidential Release.

10. <u>Entire Agreement</u>

    This Confidential Release contains the entire understanding of the parties regarding the subject matter hereof. Such Agreement shall not be amended, supplemented or abrogated other than by a written instrument signed by the authorized representatives of each party to this Individual Settlement Agreement and Release.

11. <u>Confidentiality</u>

    **1. Confidentiality Agreement** The Settlement Amount and the terms of this Confidential Release are confidential, except as may be required by law and then only to the extent necessary. Any and all evaluation processes and procedures utilized in conjunction with the claims administration or award distribution process shall also be kept strictly confidential by the Claimant and his/her attorneys.

    Agreement to, and maintenance of, confidentiality are material terms of this Confidential Release. This Confidential Release shall be null and void if the following confidentiality conditions of this Confidential Release are not met:

    > Claimant and his/her attorneys shall keep strictly confidential and agree not to publicize, disclose or characterize to any third party, person or entity, at any time, the following information, except as it may otherwise appear in the public domain: Memorandum of Understanding dated June 8, 2005, the Confidential Master Settlement Agreement and this Confidential Release and any of the terms and conditions of this settlement, the amount of this settlement, the history, background and/or substance of the negotiations, directly or indirectly, leading up to the Master Settlement Agreement and this Confidential Release, or any other information which would assist a third party in receiving or otherwise learning about the Confidential Master Settlement Agreement and Confidential Release, and such terms, conditions, amounts, history, background and/or the substance of any such negotiations (all which shall be and is "Confidential Information"), except as required by any law. Claimant and his/her attorneys may, however, make disclosure of the money received by Claimant to his/her accountants and/or financial advisors who shall, however, upon such disclosure, be instructed to maintain and honor the confidentiality of such information. If inquiry is made by any third person concerning the status of Claimant's lawsuit, other than as identified above and as necessary to resolve the liens identified above, Claimant and his/her attorneys shall respond only that the suit has been resolved, and make no further comments.

    > Claimants and his/her attorneys further agree not to communicate, publish or cause to be published, in any public or business forum or context, any statement, whether written or oral, concerning the specific events, facts or circumstances giving rise to Claimant's claims. The parties agree that any violations of the confidentiality provisions of this Confidential Release shall entitle the non-breaching party to bring an action against the breaching party to seek and recover immediate relief, redress and damages associated with such breach, including injunctive relief, as may be proven.

    **2. Inadmissibility of Settlement and Related Documents.** Claimants and his/her attorneys shall not offer in evidence or in any way refer to in any civil, criminal, administrative or other action or proceeding, this Confidential Release, its terms, the Memorandum of Understanding dated June 8, 2005 and any addendum thereto, the Master Settlement Agreement, its terms or any Confidential Discovery Materials as defined in Case Management Order No. 3 (Protective Order), filed on August 9, 2004 in MDL No. 1596, or in any other protective order issued in any pending case, other than as may be necessary to consummate or enforce this Confidential Release. If the subject of this Confidential Release, its terms, the Memorandum of Understanding

dated June 8, 2005 and any addendum thereto, the Master Settlement Agreement, its terms or any Confidential Discovery Materials shall arise in any such legal proceedings, Claimant and his/her attorneys shall, to the extent possible, 1) oppose disclosure, 2) give Lilly notice and an opportunity to intervene and oppose disclosure, 3) file under seal any documents disclosing this Confidential Release, its terms, the Master Settlement Agreement, its terms or any Confidential Discovery Materials, and 4) take reasonable measures to ensure that this Confidential Release, its terms, the Master Settlement Agreement, its terms and any Confidential Discovery Material are kept confidential and that any disclosure thereof takes place in camera. In the event that there is a proceeding to consummate or enforce this Confidential Release, the Master Settlement Agreement, including but not limited to any proceeding involving a minor's compromise, death compromise, divorce or any other judicial proceeding, Claimant will file under seal any documents which disclose or refer to this Confidential Release, its terms the Master Settlement Agreement, its terms or any Confidential Discovery Materials, will conduct all related proceedings under seal, and will take reasonable measures to ensure that this Confidential Release, its terms the Master Settlement Agreement, its terms and any Confidential Discovery Materials are kept confidential and that any disclosure thereof takes place in camera.

12. Successors and Assigns

The terms and conditions of this Confidential Release shall inure to the benefit of and be binding upon the respective successors and assigns of each party hereto.

13. Governing Law

This Confidential Release shall be governed by and construed in accordance with the laws of Indiana without regard to choice of law principles.

14. No Assignment/Authority

Claimant represents that he/she has not assigned any interest in any of the causes of action and/or claims released herein or if so, has identified such an assignment to the Special Settlement Masters as required by Section 6 above. Claimant represents that he/she collectively has the right and exclusive authority to pursue and settle the released causes of action and/or claims. Claimant further represents that to the extent required under the applicable law, he/she has given adequate notice to all relevant parties, and/or sought and/or obtained judicial approval of this Confidential Release.

15. Challenges To Or Disputes Involving This Agreement

Any challenge or dispute arising out of or relating to an alleged violation of this Confidential Release shall be referred for binding determination to Judicial Arbitration Mediation Services ("JAMS") for resolution. The parties shall work together to agree on a binding neutral arbitrator to resolve any and all disputes and if an agreed upon arbitrator can not be selected, JAMS complex resolution procedures shall control the selection of a neutral arbitrator.

In the event that a lawsuit is filed alleging a violation of this Confidential Release, including but not limited to any allegation of a breach of the Confidentiality provisions, the recoverable damages shall include, but not be limited to, the reasonable attorneys' fees and costs of the prevailing party.

By executing this Confidential Release, Claimant understands and agrees that he/she is submitting to the exclusive and binding jurisdiction of the Special Settlement Masters, including whether Claimant is entitled to compensation under this settlement program and in what amount.

Further, Claimant and Claimant's Counsel agree that any dispute between or among Claimants, a Claimant and Claimant's Counsel, Claimant's Counsel or the Special Settlement Masters and Claimant and/or Claimant's Counsel shall also be within the exclusive and binding jurisdiction of the Special Settlement Masters.

16. **Medical Documentation Authorization**

    Claimant has authorized his/her counsel to obtain and supply to the Special Settlement Masters and Lilly the medical or other documentation required for approval of an award by the Special Settlement Masters under the Claims Administration process.

17. **Counterparts**

    This Confidential Release may be executed in one or more counterparts by each party to this Confidential Release, each of which shall be deemed to be an original and all of which taken together shall constitute one and the same Confidential Release.

18. **Advice of Counsel**

    Claimant hereby acknowledges that he/she has read this Confidential Release and has had an opportunity to obtain advice of counsel regarding it. Claimant hereby also acknowledges that he/she understands the terms of this Confidential Release, and that he/she freely and voluntarily signs and enters into it. Claimant further acknowledges that, in entering into Confidential Release, he/she has not relied upon any statement or representation by or on behalf of Lilly except as stated herein.

19. **Attorneys Fee Disputes**

    Nothing in this Confidential Release shall affect the obligation of the Claimant to pay attorneys fees and costs pursuant to any agreement Claimant may have with Claimant's counsel. Lilly shall have no responsibility whatsoever for payment of Claimant's attorneys fees. Any division of the Settlement Amount is to be determined by Claimant and Claimant's Counsel and shall in no way affect the validity of this Confidential Release.

20. **Enforceability**

    In case any provision (or any part of any provision) contained in this Confidential Release shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Confidential Release, but this Confidential Release shall be construed as if such invalid, illegal or unenforceable provision (or any part thereof), had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

_____     11/24/06
JOHN LEBLANC, individually, and on behalf of all     DATED
derivative claimants under applicable law

I, **DAVID PASTOR**_____, hereby also represent and declare that Claimant, has at all relevant times, been represented by Claimants' Counsel. Claimants' Counsel have provided Claimant a copy of the Confidential Release, and Claimants' Counsel have made themselves available to answer any and all questions with respect to the substance of the Confidential Release. Having had a full opportunity to read, understand, and inquire of their counsel about the terms and conditions of the Confidential Release, neither Claimant nor Claimant's Counsel has an objection to the terms of this Confidential Release.

_David Past_____     1/27/06
By Counsel for Claimant JOHN LEBLANC (Signature)     DATED

_David Pastor GILMAN AND PASTOR, LLP_
By Counsel for Claimant JOHN LEBLANC (Print Name)

## AGGREGATE SETTLEMENT CONSENT/WAIVER FORM:

      **GILMAN AND PASTOR, LLP** has explained the Zyprexa Settlement process and how it will work, what it means to me and what rights I am giving up by participating in this settlement program and by signing a Release. I understand my ultimate settlement amount will only be determined after my claim is submitted, reviewed and evaluated by the Special Masters. I am accepting this settlement as long as the amount is at least **$5,000.00**, and if my settlement amount determined by the Special Masters is lower than that amount, then I will be given the opportunity to accept or decline the settlement based on the ultimate settlement amount. I understand that this an aggregate settlement involving $690 million dollars to be divided among over 8,000 eligible claimants, that there are conflicts stemming from the fact that the same law firm represents multiple claimants. I also understand that I have the right to and have been encouraged to consult independent counsel before signing this Consent Form, the Claim Form and executing the Release.

      Having been informed of all of the issues surrounding the settlement, the undersigned gives their consent, approval and authority to submit a claim under the Zyprexa settlement process as outlined in the attached claim form and to settle their claim pursuant to the terms of the release that has also been concurrently signed.

Date: 1/24/06     Signature: _John Doe_ (signed)

                            Print Name: Johnny LeBlanc
                                         John LeBlanc

ADDITIONAL DATE/SIGNATURE LINES ARE PROVIDED BELOW IF THERE IS MORE THAN ONE CLAIMANT

Date: _____     Signature: _____

                            Print Name: _____

Date: _____     Signature: _____

                            Print Name: _____